**Leonard F. NELSON, Plaintiff,**

**v.**

**Cecil D. ANDRUS, The Secretary of the Interior of the United States, Interior Board of Land Appeals, Martin Ritvo and Joan B. Thompson, members of the Interior Board of Land Appeals, Curt Berklund, Director of the Bureau of Land Management of the United States Department of Interior, Curtis V. McVee, State Director for Alaska, Bureau of Land Management United States Department of Interior, Defendants.**

**No. A–3–73 Civil.**

United States District Court,
D. Alaska.

Oct. 18, 1977.

552

Eugene F. Wiles and Stephen M. Ellis, of Delaney, Wiles, Moore, Hayes & Reitman, Anchorage, Alaska, for plaintiff.

James L. Swartz, U. S. Atty., Anchorage, Alaska, Gerald S. Fish, Atty., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

von der HEYDT, Chief Judge.

THIS CAUSE comes before the court on cross motions for summary judgment. The issues presented by these motions are whether plaintiff satisfactorily completed the cultivation and residency requirements of the homestead law. The factual setting of this case is well developed in *Nelson v. Kleppe*, 529 F.2d 164 (9th Cir. 1976), and will not be reiterated here.

In *Nelson v. Kleppe, supra,* the circuit court held that one of the requirements for the issuance of a homestead patent had been complied with and remanded the case for further proceedings. Following that remand this court remanded the issue to the Interior Board of Land Appeals for a final determination of all questions concerning the issuance of the patent. The IBLA found that plaintiff had not complied with the cultivation and residency requirements of the homestead law and it is from that holding that plaintiff now appeals.

*Cultivation Requirement*

The homestead law as applied to this plaintiff requires that he cultivate at least one-eighth of the homestead acreage for at least one year prior to filing his final proof. 43 U.S.C. §§ 164, 279. It was agreed between the parties that the amount of acreage cultivated was not challenged in this case.

A further cultivation requirement is that the acreage must be cultivated in a manner reasonably calculated to produce profitable results. 43 CFR 2567.5(b). The hearing examiner reviewed the efforts made by plaintiff at cultivation and concluded that a bona fide effort at cultivation was performed in a manner reasonably calculated to produce profitable results. This conclusion was reached after thoroughly examining and rejecting the government's contentions to the contrary.

■ In reversing the findings of the hearing examiner the IBLA found that plaintiff's lack of subsequent attempts to improve the land for the production of crops and the record's silence on any plans to dispose of what crops may have been raised indicated lack of good faith. This finding must be reversed.

In looking to the fact that plaintiff did not subsequently plant crops on this land the IBLA adopted a course that has been precluded in such cases. There is no requirement of subsequent cultivation and thus, plaintiff has found "that by doing exactly what the law permitted him to do, he has lost his homestead." *Nelson v. Kleppe*, 529 F.2d 164, 167–68 (9th Cir. 1976). It is worthy of note that the IBLA did not adopt any of the reasons for denying the patent on this basis which were asserted by the government and carefully examined and rejected by the hearing examiner. To quote the dissent in the IBLA opinion the "finding of lack of good faith in cultivation is a determination made *in vacuo*, and does not rest upon any specific facts."

### Residency Requirement

■ The crucial issue with respect to the residency requirement is whether plaintiff went on the homestead with the intention of establishing a home to the exclusion of other homes. Certain facts are necessary for a full understanding of this issue. At the time plaintiff moved to the land he also had another home in the Anchorage area. Upon leaving that other house he leased it for a period of time that corresponded almost exactly to the length of time he was required to stay on the entry to satisfy the homestead law. Shortly after the conclusion of his seven months on the land in question [1] he moved back to his other home. During the period of time in which plaintiff was living on his entry he fell behind in his payment on the second house. Several months after moving back to that house it was sold at a trust deed sale by the unpaid mortgagee.

Plaintiff testified that he fully intended to live on the homestead and that he attempted to sell his second home. However, he asserted that because of substantial and well documented difficulties with the homestead that he moved back to Anchorage on a temporary basis.

The hearing examiner concluded on the basis of these facts that the residency requirement was met. The basis for this decision was the fact that given the choice of spending money on the entry and on the other home that plaintiff chose to spend it on the entry.

The IBLA reversed on this point finding that:

> The combination of business difficulties and expenditures for the house on the homestead had apparently placed Nelson in financial straits. However, his decision not to meet the mortgage payments did not immediately cost him the Sand Lake house. If his business had improved, he doubtless could have paid the arrears and restored his good standing. His choice was only that of a debtor who chose between a more and less pressing demand on his resources and hoped the situation would improve. That it did not and that he eventually lost his home is of little help in establishing his state of mind in February of 1964.

The dissent in the IBLA commented that this approach was "to imbue (plaintiff) with the knowledge of a law school alumnus with the expertise of one dealing with real estate on a continuing basis."

In this appeal plaintiff contends that the conclusion of the hearing examiner should be given great weight on this point and that the law should not be applied strictly to foreclose his claim.

His contention that the conclusion of the hearing examiner should be given more weight than the IBLA conclusion is based on the contention that the question of in-

---

1. As a veteran, plaintiff was only required to stay on this land for seven months. *See Nelson v. Kleppe*, 529 F.2d 164, 167 (9th Cir. 1976).

**554**

tent is best resolved by the person who observed the witness. This same contention was asserted by the dissent in the IBLA decision. Although the court has some reservation about the applicability of this concept to the present case, see 2 Davis, *Administrative Law Treatise*, § 10.04 (1958), it need not reach the issue.

In this case, as pointed out by the IBLA majority, the hearing examiner did not base his conclusions on observed credibility. Indeed he stated that much of plaintiff's testimony "might be suspect as a self-serving statement. . . ." Rather, the basis for the hearing examiner's decision was an inference drawn from an uncontested fact, the loss of the other home. In this regard the hearing examiner has no particular advantage over a reviewing board.

Plaintiff also contends that it is the general law and specifically the law of this case that certain indulgences should be afforded him. This contention is based on a footnote in the circuit court's decision reiterating the rule that:

> "[t]he law deals tenderly with one who, in good faith, goes upon the public lands, with a view of making a home thereon. (citation)"

*Nelson v. Kleppe*, 529 F.2d 164, 167 n. 1 (9th Cir. 1976).

This policy was applicable to the issue raised in the prior appeal but does not apply to the present issue. The policy applies to those who "in good faith" go upon the land. At the present time the issue presented is whether plaintiff did go upon the land "in good faith" and to adopt this standard would be to assume the conclusion. Thus the standard of review is the normal standard of whether the agency's decision is supported by substantial evidence.

Although the court might reach a different conclusion if it were reviewing the issue *de novo*, the short term lease of the other house is sufficient evidence upon which one could conclude that plaintiff did not intend to make the homestead entry his home.

Accordingly IT IS ORDERED:

1. THAT plaintiff's and defendants' motions for summary judgment are granted in part and denied in part in conformity with this memorandum.